UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON

CRIMINAL ACTION NO. 08-203-KSF

UNITED STATES OF AMERICA                                                                PLAINTIFF

V.                                                **OPINION & ORDER**

ANTONIO DWAYNE CLARK                                                              DEFENDANT

\* \* \* \* \* \* \* \* \* \* \* \*

This matter is before the court on the objections of the defendant, Antonio Clark, to the presentence report. Clark objects to the recommendation that he should be classified as an armed career criminal under 18 U.S.C. § 924(e) and U.S.S.G. § 4B1.4. Section 924(e) provides:

> In the case of a person who violates Section 922(g) of this title and has three previous convictions by any court . . . for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be . . . imprisoned not less than fifteen years.

Clark argues that his two prior state law convictions for First Degree Wanton Endangerment do not constitute "violent crimes" based on the Supreme Court's holding in *Begay v. United States*, 553 U.S. ___, 128 S.Ct. 1581 (2008) and the recent Sixth Circuit Court of Appeals holding in *United States v. Baker*, 559 F.3d 443 (6th Cir. 2009).

A "violent crime" is one that:

> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or

> (ii) is burglary, arson, or extortion, involves the use of explosives or otherwise involves conduct that presents a serious potential risk of injury to another.

18 U.S.C. § 924(e)(2)(B)(i) & (ii).

It cannot seriously be contested that the Kentucky wanton endangerment statute criminalizes conduct that "presents a serious potential risk of physical injury to another;" however, as set forth in *Begay*, this is not enough under the "otherwise" clause. The court must determine whether the crime is similar *in kind* and *in degree of risk posed* to the enumerated examples - burglary of a dwelling, arson, extortion, or crimes involving the use of explosives. Put another way, the court must determine if the conviction involves the kind of "purposeful, violent and aggressive conduct" as the listed examples.

The court must apply the categorical approach for determining whether a prior conviction constitutes a "violent crime" under U.S.S.G. § 4B1.2(a). This test was articulated in *Taylor v. United States*, 495 U.S. 575 (1990) and extended to plea based convictions in *Shepard v. United States*, 544 U.S. 13 (2005). Under the categorical approach, the court must look only to the fact of conviction and the statutory definition – not the facts underlying the offense – to determine whether that definition supports a conclusion that the conviction was for a crime of violence. There is a narrow exception when the statutory definition is ambiguous, under which the court may consider the charging document, written plea agreement, transcript of plea colloquy and any explicit finding by the trial judge. *Shepard*, 544 U.S. at 26.

Under Kentucky law, a person is guilty of First Degree Wanton Endangerment when, "under circumstances manifesting extreme indifference to the value of human life, he wantonly engages in conduct which creates a substantial danger of death or serious physical injury to another person." K.R.S. § 508.060. The Kentucky penal code defines acting "wantonly" when "he is aware of and consciously disregards a substantial and unjustifiable risk that the result would occur or that the

circumstance exists. The risk must be of such nature and degree that disregard thereof constitutes a gross deviation from the standard of conduct that a responsible person would observe in the situation." K.R.S. § 501.020(3). "Wanton" conduct is contrasted with "reckless" conduct which is when a person "fails to perceive a substantial and unjustifiable risk that the result would occur or the circumstance exists." K.R.S. § 501.020(4).

In *Baker*, the Sixth Circuit evaluated Tennessee's reckless endangerment statute. The *Baker* court held that the statute did not "clearly" involve the type of "purposeful, violent and aggressive" conduct as the enumerated examples and noted that "on its face the statute criminalizes only reckless conduct." The Tennessee statute is similar to the Kentucky wanton endangerment statute, but not identical – specifically, the Kentucky statute punishes "wanton" conduct instead of "reckless" conduct. The court finds that this is an important distinction because the Kentucky penal code defines "wanton" conduct as *active* conduct as opposed to "reckless" conduct which may be *passive*. Specifically, "wanton" conduct is when the actor is "*aware of* and *consciously disregards* a substantial and unjustifiable risk" whereas "reckless" conduct is when an actor *fails to perceive* a substantial and unjustifiable risk   Given the importance under the *Begay* jurisprudence that the criminal conduct be "purposeful," this distinction is significant.

Further, the *Baker* court's finding that the statute did not "clearly" involve the type of "purposeful, violent and aggressive" conduct as the enumerated examples is instructive to this court. The *Baker* court remanded the case to the district court for resentencing on the limited issue of whether the defendant was entitled to a career offender enhancement in light of *Begay*. The *Baker* court's finding that the Tennessee statute did not "clearly" set forth the criminal conduct  with instruction to review the application of the career offender enhancement implies that it believed the

3

Tennessee statute was facially ambiguous. On remand, the Tennessee district court will be charged with evaluating the state statute in light of the defendant's conduct and determining if it fits within the *Begay* test.

Similarly, this court finds that the Kentucky statute is facially ambiguous because it is not entirely clear from the face of the Kentucky statute whether it criminalizes the type of purposeful, violent and aggressive conduct as the enumerated examples  Thus, it is necessary to consider the charging document, written plea agreement, transcript of plea colloquy and any explicit finding by the trial judge associated with Clark's convictions to determine whether they were for "violent crimes." After doing so, the court finds that Clark's prior convictions for First Degree Wanton Endangerment were violent crimes as they involved the firing of a weapon into a home and a vehicle which are similar in kind and in degree of risk posed to the enumerated examples. Clark's actions were purposeful, violent and aggressive and certainly posed as great of a threat to the life of another person as burglary, arson or the use of explosives.

Accordingly, the court finds that Clark is properly classified as an armed career criminal and hereby **ORDERS** that Clark's objections to the presentence report [DE 32] are **OVERRULED**.

This 10th day of April, 2009.



Signed By:
*Karl S. Forester*  KSF
**United States Senior Judge**

4