UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Plaintiff/Respondent, | ) | No. 5:08-CR-203-DCR-HAI-1 |
| | ) | No. 5:08-CV-7276-DCR-HAI |
| v. | ) | |
| | ) | RECOMMENDED DISPOSITION |
| ANTONIO D. CLARK, | ) | |
| | ) | |
| Defendant/Movant. | ) | |
| | ) | |
| | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

On April 1, 2013, Antonio D. Clark, proceeding pro se, filed a motion seeking to vacate, set aside, or correct his sentence pursuant to 28 U.S.C § 2255. D.E. 61.[1] The United States filed a response to Defendant's section 2255 motion on July 3, 2013. D.E. 68. Defendant filed a reply on September 23, 2013. D.E. 72. Pursuant to local practice and 28 U.S.C. § 636(b)(1)(B), this matter was referred to the undersigned for a recommended disposition. For the reasons that follow, Defendant has failed to establish that he is entitled to relief pursuant to 28 U.S.C. § 2255. Therefore, the Court **RECOMMENDS** that his motion be **DENIED**, and that no certificate of appealability be issued.

**I. BACKGROUND**

On October 2, 2008, a federal grand jury returned an indictment as to Defendant Antonio Clark. D.E. 1. The indictment charged, in relevant part, that Defendant, "having been convicted in a court of a crime punishable by imprisonment for a term exceeding one year, did knowingly

---

[1] This filing date reflects the prison mailbox rule. *See Richard v. Ray*, 290 F.3d 810, 812-813 (6th Cir. 2002). Here, Clark affirmed under penalty of perjury that he placed the motion in the prison mailing system on April 1, 2013.

possess in and affecting commerce a firearm and six rounds of 9mm ammunition . . . all in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)." *Id*. at 1. The penalties page of the indictment stated that, if found to be an armed career criminal, Defendant faced not less than fifteen years of imprisonment nor more than life, up to a $250,000 fine, or both. D.E. 1 at 1; s*ee* 18 U.S.C. 924(e)(1). The United States filed a notice in the record that same day specifying Defendant as an armed career criminal, citing two prior convictions for Wanton Endangerment First Degree in violation of KRS § 508.060, and a prior conviction for Trafficking in Controlled Substance First Degree in violation of KRS § 218A.1412. D.E. 3.

District Judge Forester presided over Defendant's arraignment on November 4, 2008, at which time Defendant entered a plea of not guilty. D.E. 6. At that time, Judge Forester appointed J. Gregg Clendenin as Defendant's attorney pursuant to the Criminal Justice Act after finding that Defendant qualified for such an appointment. *Id*. Through counsel, Defendant acknowledged receipt of the indictment. D.E. 10 at 3. On December 23, 2008, Defendant filed a motion to continue trial (D.E. 11), which was subsequently denied (D.E. 13).

Defendant's trial began on January 5, 2009. D.E. 18. The United States presented its case-in-chief and the Defendant declined to present any evidence. *Id*. Following the conclusion of the United States' evidence, defense counsel moved for judgment of acquittal, which was denied. *Id*.; D.E. 45 at 105. Before the jury retired to deliberate, that motion was renewed and again denied. D.E. 18; D.E. 45 at 106. The next day, the jury returned a verdict of guilty as to Count 1 of the indictment. D.E. 24.

On March 13, 2013, Defendant filed his objections to the Presentence Investigation Report (hereinafter the "Report"). D.E. 32. Among other objections, Defendant objected to the Report's assertion that he was an armed career criminal within the meaning of 18 U.S.C.

924(e)(1) or U.S.S.G. Section 4B1.4. *Id*. at 1. Defendant argued that the two prior convictions for Wanton Endangerment First Degree in violation of KRS 508.060 should not be considered "violent offenses" within the meaning of U.S.S.G. 4B1.4. *Id*. at 1-2. Further, Defendant argued that under *Begay v. United States*, 553 U.S. 137, 128 S.Ct. 1582 (2008), wanton endangerment cannot be classified as a violent crime within the meaning of the Armed Career Criminal Act (hereinafter "ACCA"), 18 U.S.C. § 924(e)(1). *Id*. at 2-4. Defendant cited *Begay* to argue that, when determining whether a prior conviction is a "violent felony" within the meaning of the ACCA, a court must look to the statute under which a defendant was convicted rather than the defendant's specific conduct that led to the conviction.

The sentencing of Defendant, originally convened on March 27, 2014, was continued until April 9, 2009, to allow Judge Forester sufficient time to review the Sixth Circuit decision of *United States v. Baker*, 559 F.3d 443, 453 (6th Cir. 2009), which held, in part, under *Begay* that the district court had not been presented with sufficient evidence to conclude that a reckless endangerment conviction under Tennessee law qualified as a crime of violence. D.E. 34. The parties were instructed to file contemporaneous briefs on the applicability of that case to Defendant's sentencing. *Id*.

Defendant then filed a sentencing memorandum in support of his objections to the Report, arguing two points specifically. D.E. 36. First, he argued that Wanton Endangerment is not a violent felony for purposes of the ACCA because, looking at the statute generically as required by *Begay*, Defendant was not convicted of *intentionally* creating risk of harm to another. D.E. 36 at 2-5. Second, he offered further argument in support of the proposition that the District Court must only look at the fact of conviction and the statutory definition of the crime

3

when determining whether the crime is a violent felony within the meaning of the ACCA. *Id*. at 5-6.

At the sentencing hearing on April 9, 2009, Judge Forester took up Defendant's objections to the Report. D.E. 48 at 2. The primary objection addressed was to Defendant's armed career offender status under 18 U.S.C. 924(e) and the advisory sentencing guidelines. *Id*. at 5. Defense counsel objected to the use of any extraneous materials to determine whether Defendant's prior convictions could be classified as violent felonies within the meaning of the ACCA, and asked that the District Court look only to the charging document. *Id*. at 7. The District Court considered, but declined to follow, defense counsel's request. *Id*. Judge Forester found Defendant's advisory guideline range to be 235 to 293 months (*id*. at 16), and sentenced him to the ACCA mandatory minimum term of 180 months of incarceration. D.E. 37; D.E. 43.[2]

Defendant appealed on April 19, 2009. D.E. 42. On August 31, 2009, a letter was sent to Bradley G. Braun appointing him as counsel for Defendant pursuant to the Criminal Justice Act. D.E. 44. Defendant raised one issue on direct appeal: that the District Court erred in finding that Kentucky's wanton endangerment offense constituted a violent felony under the ACCA, and therefore erred in classifying him as an armed career criminal. D.E. 56 at 1. After reviewing the legal question of whether a prior conviction constitutes a violent crime under the ACCA *de novo*, the Sixth Circuit affirmed Defendant's sentence and conviction. *Id*. at 8. It stated that "[b]ecause Kentucky's wanton endangerment statute involves a substantial risk of death or serious physical injury to another, and requires proof of a mental state with a higher level of culpability than crimes involving recklessness, negligence, or strict liability, it qualifies as a violent felony under the ACCA's residual clause." *Id*. at 8. Finding that "Kentucky's first-

---

[2] Defendant's original judgment at Docket Entry 40 was amended to correct a clerical error pertaining to the date on which the offending conduct ended.

degree wanton endangerment is categorically a violent felony under the ACCA," the Sixth Circuit did not determine whether the District Court erred in applying the modified categorical analysis to Defendant's prior convictions. *Id*.

In his section 2255 motion, Defendant lists two grounds for relief: 1) Defendant was denied effective assistance of trial counsel; and 2) Defendant was denied effective assistance of appellate counsel. *Id*. at 4-5. Defendant requests an evidentiary hearing to develop the facts associated with his allegations of ineffective assistance of counsel. He expands upon his first claim, in his memorandum of law, by arguing that:

1. Counsel failed to challenge the use of Defendant's prior convictions concerning his status as an armed career criminal;

2. Counsel failed to adequately advise Defendant during plea negotiations and about potential sentencing exposure;

3. Defendant was deprived of effective assistance of counsel due to the complete breakdown of the attorney-client relations;

4. Counsel failed to interview and call certain witnesses favorable to the defense;

5. Counsel failed to make a Rule 29 Motion challenging the sufficiency of the evidence; and

6. Counsel failed to turn over Defendant's complete criminal case files.

D.E. 61-1 at 2-12. Defendant likewise expands upon his second claim in his memorandum of law by arguing that appellate counsel was ineffective for not forcing trial counsel to turn over Defendant's files, and for not briefing and arguing on direct appeal the meritorious issues that were properly preserved during trial. *Id*. at 12.

## II. ANALYSIS

### A. Right to Collateral Attack

Under 28 U.S.C. § 2255, a federal prisoner may seek habeas relief because a sentence violates the Constitution or federal law, the federal court lacked jurisdiction to impose such a sentence, or the sentence exceeds the maximum authorized by law. 28 U.S.C. § 2255. To prevail on a section 2255 motion alleging constitutional error, a defendant must establish that the error had a "substantial and injurious effect or influence on the proceedings." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993)). By contrast, to obtain habeas relief based on an alleged non-constitutional error, a defendant must establish a "fundamental defect which inherently results in a complete miscarriage of justice or an error so egregious that it amounts to a violation of due process." *Id.* at 488 (citing *Hill v. United States*, 368 U.S. 424, 428 (1962)). As the section 2255 movant, a defendant bears the burden of proving his or her allegations by a preponderance of the evidence. *McQueen v. United States*, 58 F. App'x 73, 76 (6th Cir. 2003) (per curiam) ("Defendants seeking to set aside their sentences pursuant to 28 U.S.C. § 2255 have the burden of sustaining their contentions by a preponderance of the evidence.").

The Court shall hold an evidentiary hearing unless "the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). Further, "no hearing is required if the petitioner's allegations 'cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'" *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999) (quoting *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995)).

Additionally, the Court recognizes that Defendant is proceeding pro se, or without the assistance of an attorney. Pro se motions receive a comparatively lenient construction by the Court. *Castro v. United States*, 540 U.S. 375, 381-83 (2003); *Franklin v. Rose*, 765 F.2d 82, 85 (6th Cir. 1985).

### B. Ineffective Assistance of Counsel

When asserting an ineffective assistance of counsel claim, a defendant must prove both deficient performance and prejudice. *Strickland v. Washington*, 466 U.S. 668 (1984); *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006) (noting that a defendant must prove ineffective assistance of counsel by a preponderance of the evidence). In order to prove deficient performance, a defendant must show that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland*, 466 U.S. at 687. A defendant meets this burden by showing "that counsel's representation fell below an objective standard of reasonableness" as measured under "prevailing professional norms" and evaluated "considering all the circumstances." *Id*. at 688. Judicial scrutiny of counsel's performance, however, is "highly deferential," consisting of a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id*. at 689. Notably, "[a] fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Id*.

Deficient performance is considered constitutionally prejudicial only when "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id*. at 688. In order to prove prejudice, a defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have

been different." *Id*. at 694. Thus, "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id*. at 691. When evaluating prejudice, courts generally must take into consideration the "totality of the evidence before the judge or jury." *Id*. at 695. Courts may approach the *Strickland* analysis in any order, and an insufficient showing on either prong ends the inquiry. *Id*. at 697.

### 1. Ineffective Assistance of Trial Counsel

Defendant separates his claim of ineffective assistance of trial counsel into six categories, each of which is specifically addressed below.

**a. Counsel failed to challenge the use of Defendant's prior convictions to establish his status as an armed career criminal.**

Defendant's first argument has no basis in fact. The record reveals that Mr. Clendenin did in fact challenge the use of Defendant's prior convictions for wanton endangerment in many ways. Mr. Clendenin first challenged those convictions in Defendant's written objections to the Presentence Investigation Report. D.E. 32. Counsel again challenged the use of those convictions in a sentencing memorandum filed at the request of the District Judge (D.E. 36), and again orally throughout the sentencing proceeding. D.E. 48. Because the record clearly establishes that Mr. Clendenin challenged the use of Defendant's prior convictions to establish his status as an armed career criminal in multiple ways, Defendant has failed to establish any deficient performance.

To the extent Defendant claims counsel failed to adequately investigate his contention that he was "actually innocent" of the prior convictions for wanton endangerment, Defendant offers no factual support whatsoever to support such a claim. His conclusory allegations fail to establish any entitlement to section 2255 relief. *See Elzy v. United States*, 205 F.3d 882, 886 (6th

Cir. 2000) (finding that a conclusory statement is insufficient to raise the issue of ineffective assistance of counsel); *see also Robinson v. United States*, 582 F. Supp. 2d 919, 926 (N.D. Ohio 2008) (citing with approval several cases holding that vague and conclusory assertions in a section 2255 motion are insufficient to warrant relief).

   b. **Counsel failed to adequately advise Defendant during plea negotiations and about potential sentencing exposure.**

Defendant argues that counsel failed to adequately advise him with regard to the charges against him, to adequately advise him concerning the application of the Federal Guidelines and statutory mandatory minimums, failed to explain the case, failed to explain the application of the ACCA, and failed to pursue any plea negotiations. D.E. 61-1 at 4-5. Defendant's conclusory claim that he was provided ineffective assistance by counsel with regard to sentencing exposure is contradicted by the record. The penalties page of the indictment (D.E. 1 at 3) clearly states that, if Defendant is an armed career criminal, the sentence must be "not less than 15 years imprisonment, nor more than life imprisonment." *Id.* At arraignment, by counsel, Defendant acknowledged receipt of the indictment. D.E. 10 at 2-3. Further, a notice specifying Defendant as an armed career criminal was entered into the record at the same time as the indictment.

This argument concerning ineffectiveness primarily fails because Defendant has not shown prejudice. Defendant's scattered argument essentially boils down to an assertion that, had trial counsel provided effective advice, he would have pled guilty and received a shorter sentence of imprisonment. D.E. 61-1 at 7. But Defendant has failed to show a reasonable probability—or even a possibility—that he would have received less than the statutory mandatory minimum of fifteen years. Defendant's argument that counsel was ineffective for failing to provide advice on rejecting the plea agreement, entering a straight plea, and getting credit for acceptance of responsibility (D.E. 61-2 at 1) is equally unpersuasive because he has not shown that he would

9

have received such credit, or any effect such credit would have had on his sentence given that he received the statutory mandatory minimum sentence pursuant to 18 U.S.C. § 924(e)(1). As such, Defendant cannot satisfy the prejudice prong because he cannot show that he was harmed by proceeding to trial. *See United States v. Faubion*, 19 F.3d 226, 229 (5th Cir. 1994) (no prejudice where no evidence that court would have granted reduction in sentence for acceptance of responsibility had defendant pled guilty).

Moreover, to receive a sentence below the mandatory minimum would have required a motion for downward departure from the government based on substantial cooperation from Defendant. *See* 18 U.S.C. § 3553(e). No evidence indicating a motion would have been made or granted exists in the record. Indeed, Defendant adamantly states that he "simply could not agree to cooperate[.]" D.E. 61-1 at 5.

For all these reasons, Defendant has failed to show prejudice under *Strickland*.

### c. Defendant was deprived effective assistance of counsel due to the complete breakdown of the attorney-client relations.

Defendant's argument that he suffered from ineffective assistance of counsel due to the complete breakdown of the attorney-client relationship is also without merit. Defendant asserts that, prior to trial, he made his dissatisfaction with the representation he was receiving known to Mr. Clendenin, and that Mr. Clendenin discouraged him from requesting that the District Court appoint him new counsel. D.E. 61-1 at 9. He acknowledges that the District Court was not alerted, and claims that he did not pursue the matter further because Mr. Clendenin advised him that nothing could be done. After trial, but prior to sentencing, Defendant filed a letter with the District Court expressing concern with how Mr. Clendenin had handled his case. D.E. 33. He requested that the District Court consider the contents of the letter when imposing a sentence, but did not at any point request new counsel. *Id*. At the sentencing hearing held on March 27, 2009,

District Judge Forester unambiguously asked Defendant whether a dispute existed between Defendant and Mr. Clendenin. D.E. 47 at 3. Defendant answered in the negative. *Id*.

Despite this statement in the record, Defendant asserts that his counsel was rendered ineffective by a conflict of interest due to the complete breakdown of the attorney-client relationship and irreconcilable differences. D.E. 72 at 12. However, he describes no specific complaints he had with counsel or why it affected their relationship. Defendant asserts that his letter at Docket Entry 33 demonstrates actual conflict with counsel. *Id*. at 13. The Court disagrees. While the letter may express some dissatisfaction with counsel, and it should be noted that this letter was filed post-trial, it did not entitle Defendant to new counsel. *See U.S. v. Gonzalez-Lopez*, 548 U.S. 140, 151 (2006) (explaining "the right to counsel of choice does not extend to defendants who require counsel to be appointed for them."). Defendant never formally requested replacement counsel, and failed to do so when given the opportunity by the District Court. D.E. 47 at 3. In his letter, Defendant merely asked that Judge Forester take into account his purported dissatisfaction when imposing a sentence. Certainly, if there were an actual conflict, Defendant would have requested new counsel given the severe penalties he knew he was facing at the time. Defendant's allegations in his section 2255 motion do not contradict the evidence in the record in a meaningful way so as to establish any ineffective assistance of counsel.

Additionally, Defendant has not shown any prejudice as a result of the alleged conflict. He identifies no issue that affected the trial or its outcome. At the time Defendant submitted his letter complaining about his attorney, the only issue left for the District Court to address was sentencing. Judge Forester thoroughly addressed—and Mr. Clendenin repeatedly objected to— the application of the ACCA to Defendant. D.E. 48. Judge Forester eventually found Defendant

to be properly classified as an armed career criminal (*id*. at 13-14) and imposed the lowest possible sentence on this record, and after addressing the issue *de novo*, the Sixth Circuit agreed. D.E. 56. Defendant offers nothing to indicate a probability of any other result. Defendant is not entitled to relief because he has not established any prejudice.

### d. Counsel failed to interview and call certain witnesses favorable to the defense.

Next, Defendant argues that Mr. Clendenin was ineffective because he failed to interview certain individuals as instructed by Defendant. Defendant asserts that he gave Mr. Clendenin the names and contact information of various individuals, and asked Mr. Clendenin to interview them to "discover whether their testimony would be helpful in any way." D.E. 61-1 at 10. When a defendant claims that his attorney failed to call a witness at trial, he must "[a]t the very least . . . submit sworn affidavits from each of the individuals he has identified as uncalled witnesses stating whether they were in fact available to appear at trial and able to give testimony favorable to [the] defense." *Talley v. United States,* No. 1:00-cv-74, 2006 WL 3422997, at *10 (E.D. Tenn. Nov. 27, 2006); *see also United States v. Ashimi,* 932 F.2d 643, 650 (7th Cir. 1991) ("Under whatever framework, however, evidence about the testimony of a putative witness must generally be presented in the form of actual testimony by the witness or on affidavit. A defendant cannot simply state that the testimony would have been favorable; self-serving speculation will not sustain an ineffective assistance claim."). Having failed to present such affidavits, the Court cannot make any real assessment of how any testimony from the unidentified defense witnesses would have affected the outcome of the trial. Thus, this argument fails because Defendant has not sufficiently shown prejudice.

**e. Counsel failed to make a Rule 29 Motion challenging the sufficiency of the evidence.**

Defendant's argument that his counsel was ineffective for failing to make a motion challenging the sufficiency of the evidence is foreclosed by the record. Mr. Clendenin moved for judgment of acquittal at the close of the government's proof (D.E. 45 at 105), and renewed the motion before the case was submitted to the jury. (*Id*. at 106).

**f. Counsel failed to turn over Defendant's complete criminal case files.**

Defendant asserts that Mr. Clendenin refused to turn over his criminal file as his final argument of ineffective assistance pertaining to trial counsel. A post-trial act such as this could not possibly be the basis for asserting prejudice at trial, and the claim that his appeal was prejudiced is so cursory as to defy meaningful evaluation. Even accepting that counsel was deficient for failing to turn over Defendant's criminal file, Defendant has not shown how this prejudiced the outcome of the trial or his appeal. Indeed, his challenges to his armed career criminal status were fully presented to, and evaluated, on appeal.

**2. Ineffective Assistance of Appellate Counsel**

Finally, Defendant asserts that his appellate counsel was ineffective for not forcing trial counsel to turn over Defendant's criminal file, as well as for "not briefing and arguing on direct appeal the meritorious issues that were properly preserved during trial." D.E. 61-1 at 12. Both pieces of this argument fail for lack of specificity. "A motion under § 2255 must consist of something more than legal conclusions unsupported by factual allegations." *Aguirre v. United States*, No. 2:06-CR-76, 2012 WL 3191958 (E.D. Tenn. Aug. 2, 2012) (citing *Blackledge v. Allison*, 431 U.S. 63, 74 (1977)). Defendant has failed to specify that appellate counsel was missing anything from the file that would be necessary to mount an appeal, or that anything in the file would have impacted the outcome. Furthermore, Defendant has not identified any claims

13

that appellate counsel failed to raise on appeal that should have been raised. Without specific information as to how counsel was constitutionally deficient, the standard of deference to counsel found in *Strickland* controls. That standard is "highly deferential," consisting of a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. Defendant has failed to overcome that presumption.

### III. AN EVIDENTIARY HEARING IS NOT REQUIRED

In his memorandum of law supporting his motion to vacate, Defendant requests an evidentiary hearing to develop the facts around his allegations of ineffective assistance of counsel. D.E. 61-1 at 13. "An evidentiary hearing is required unless 'the record conclusively shows that the petitioner is entitled to no relief.'" *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999) (quoting *Blanton v. United States*, 94 F.3d 227, 235 (6th Cir. 1996)). Here the record conclusively shows that Defendant is entitled to no relief. Thus, an evidentiary hearing is not required.

### IV. CERTIFICATE OF APPEALABILITY

A Certificate of Appealability may issue where a movant has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard requires a movant to demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 335-38 (2003) (discussing development of standard). The reviewing court must indicate which specific issues satisfy the "substantial showing" requirement. 28 U.S.C. § 2253(c)(3); *see Bradley v. Birkett*, 156 F. App'x 771, 774 (6th Cir. 2005) (noting requirement of "individualized assessment of . . . claims") (citing *Porterfield v.*

*Bell*, 258 F.3d 484, 487 (6th Cir. 2001)). For dismissals on procedural grounds, as to when a Certificate of Appealability should issue, a movant must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

The Court has considered the issuance of a Certificate of Appealability as to both claims presented by Defendant. However, no reasonable jurist would find the assessments above to be wrong or debatable; thus, no Certificate of Appealability should issue.

## V. RECOMMENDATION

For the reasons discussed above, the Court concludes that Defendant has failed to make the requisite showing that would entitle him to relief. Therefore, the Court **RECOMMENDS** that the District Court **DENY** Defendant's motion to vacate. Because the filings and records establish conclusively that Defendant is not entitled to relief, the Court need not conduct an evidentiary hearing. The Court also **RECOMMENDS** that the District Court **DENY** a Certificate of Appealability as to both claims.

The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights and mechanics concerning this Recommended Disposition, issued under subsection (B) of the statute. *See also* Rules Governing Section 2255 Proceedings, Rule 8(b). Within fourteen days after being served with a copy of this decision, any party may serve and file specific written objections to any or all findings or recommendations for determination, de novo, by the District Court. Failure to make a timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Court and Court of Appeals. *See Thomas v. Arn*, 474 U.S. 140, 155 (1985); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981).

This the 30th day of April, 2014.

Signed By:
*Hanly A. Ingram*
United States Magistrate Judge