UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff/Respondent, | ) | Criminal Action No. 5: 08-203-DCR |
| | ) | and |
| V. | ) | Civil Action No. 5: 13-7276-HAI |
| | ) | |
| ANTONIO D. CLARK, | ) | |
| | ) | **MEMORANDUM OPINION** |
| Defendant/Movant. | ) | **AND ORDER** |

*** *** *** ***

Following a jury trial, Defendant Antonio Clark was convicted of possessing a firearm after having been convicted of a felony offense in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). Because Clark had prior state convictions for first degree wanton endangerment and first degree trafficking in a controlled substance, he faced a mandatory minimum term of incarceration of fifteen years. As it turned out, Clark's range of incarceration under the United States Sentencing Guidelines (235 to 293 months) was much higher than the statutory minimum (180 months). But notwithstanding that fact, the sentencing judge imposed the minimum term under the statute.[1] Clark contested his status as an armed career criminal before the trial court and on appeal. However, he was unsuccessful at both levels.

Clark now seeks collateral relief under 28 U.S.C. § 2255. [Record No. 61] According to the defendant, due to errors committed by his trial and appellate attorneys, this Court should

---

[1] Following the untimely passing of Senior District Judge Karl S. Forester, the matter was reassigned to the undersigned on April 8, 2014. [Record No. 73]

-1-

vacate, set aside, or correct the sentence imposed on April 9, 2009, as amended on May 18, 2009. [Record Nos. 40, 43] Consistent with local practice, Clark's § 2255 motion was referred to a United States Magistrate Judge for the purpose of issuing a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). After carefully analyzing the issues raised in Clark's motion, Magistrate Judge Hanly A. Ingram recommended that collateral relief be denied. [Record No. 74] Clark has not filed objections to the Recommended Disposition within the time provided by 28 U.S.C. § 636(b)(1)(B).

While this Court must make a *de novo* determination of those portions of the Magistrate Judge's recommendations to which an objection is made, 28 U.S.C. § 636(b)(1)(c), "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Although Clark has failed to object, the Court has nevertheless conducted a *de novo* review of the issues raised in his motion. However, the undersigned agrees with the Magistrate Judge's recommendations.

Clark has not demonstrated that his trial counsel was ineffective. More specifically, and contrary to Clark's assertions, attorney Clendenin continuously argued that the defendant's wanton endangerment conviction should not be classified as a violent felony under the Armed Career Criminal Act. However, simply put, his argument was incorrect.

Next, the record refutes Clark's argument that he was not advised about the potential penalty he would face if convicted. And as the Magistrate Judge explained in his Recommended Disposition, Clark cannot demonstrate prejudice in any event. Even if the defendant had entered a guilty plea rather than proceed to trial, he still faced a minimum term of incarceration of 180

months. Due to the lenient sentence imposed by the Court, no adverse consequences resulted from the defendant's decision to proceed to trial. Likewise, Clark has not offered any evidence in support of his claim that his trial counsel provided ineffective assistance due to any breakdown of the attorney-client relationship. The record refutes this assertion as well as Clark's claim that his trial attorney failed to challenge the sufficiency of the government's evidence at the close of its case.

Clark also fails to offer any evidence in support of his claim that his trial attorney failed to call witnesses favorable to his defense. And the defendant fails to explain how he suffered any prejudice due to the allegation that his trial counsel failed to turn over necessary files to the attorney appointed to represent him on appeal, or by his appellate attorney's failure to force the production of the unspecified material. As the Magistrate Judge correctly notes in his Recommended Disposition, a motion under § 2255 must consist of something more than legal conclusions unsupported by factual allegations. [Record No. 74, citations omitted].

Finally, the Court agrees that an evidentiary hearing is not needed to resolve any issue raised in Clark's § 2255 motion. A Certificate of Appealability shall not issue for the reasons explained by Magistrate Judge Ingram. Accordingly, it is hereby

**ORDERED** as follows:

1. The Recommended Disposition of United States Magistrate Judge Hanly A. Ingram [Record No. 74] is **ADOPTED** and **INCORPORATED** herein by reference.

2. Defendant Antonio Clark's motion to vacate, set aside, or correct his sentence [Record No. 61] is **DENIED**.

3. Defendant's Clark's request for an evidentiary hearing [Record No. 74] is **DENIED** because the record conclusively demonstrates that the defendant is not entitled to the relief sought through his motion.

4. The Court declines to issue a Certificate of Appealability with respect to any issue raised in Clark's motion.

5. The proceeding filed pursuant to 28 U.S.C. § 2255 shall be **DISMISSED**.

6. A judgment in favor of the United States shall be issued this date.

This 22nd day of May, 2014.

Signed By:
*Danny C. Reeves* DCR
United States District Judge